IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES COLBURN, | § | |
| | § | |
| Defendant Below, | § | No. 327, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1411002179 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  August 17, 2016
Decided:  October 5, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 5th day of October 2016, upon consideration of the appellant's opening brief, the motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Charles Colburn, filed this appeal from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Colburn's opening brief that his appeal is without merit.  We agree and affirm.

(2)  The record reflects that Colburn was arrested on multiple charges arising from the discovery of almost 1,500 bags of heroin and multiple firearms in his car.  On January 7, 2015, Colburn waived indictment and pled guilty to Drug

Dealing (Tier IV), Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person Prohibited ("PFBPP"). In the plea agreement, the parties agreed to recommend a sentence with non-suspended Level V time of nine years and the State agreed not to seek habitual offender sentencing under 11 *Del. C.* § 4214(a). Colburn was sentenced as follows: (i) for Drug Dealing (Tier IV), twenty-five years of Level V incarceration, suspended after two years for twenty-three years of Level IV (Department of Correction Discretion), suspended after one year for eighteen months of Level III probation; (ii) for PFDCF, five years of Level V incarceration; and (iii) for PFBPP, two years of Level V incarceration. Colburn did not appeal the Superior Court's judgment.

(3) On March 30, 2015, Colburn filed a motion for reduction of sentence, which the Superior Court denied. On February 5, 2016, Colburn filed a motion for postconviction relief under Rule 61. Colburn argued that his counsel was ineffective because she incorrectly informed him that he was ineligible for concurrent sentences and she failed to argue at his sentencing that he was eligible for concurrent sentences. After the matter was referred to a Superior Court Commissioner and Colburn's former counsel provided an affidavit, the Commissioner recommended denial of Colburn's motion for postconviction relief.[1]

---

[1] *State v. Colburn*, 2016 WL 1756503 (Del. Super. Ct. Apr. 28, 2016).

The Superior Court accepted the Commissioner's recommendation and denied Colburn's motion for postconviction relief.[2]  This appeal followed.

(4)  In his opening brief, Colburn argues that the Superior Court erred in denying his motion for postconviction relief because he would not have pled guilty if his counsel had correctly informed him that he was eligible for concurrent sentencing on his PFBPP conviction.  Colburn also claims that he did not have the opportunity to file objections to the Commissioner's report and recommendation because he did not receive the report.  This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3]  The procedural bars of Rule 61 do not apply to Colburn's timely claim of ineffective assistance of counsel.

(5)  To prevail on a claim of ineffective assistance of counsel after entry of a guilty plea, Colburn must demonstrate that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.[4]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[5]  A defendant asserting a claim of ineffective assistance must make concrete

---

[2] *State v. Colburn*, 2016 WL 3248222 (Del. June 1, 2016).
[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[4] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[5] *Albury*, 551 A.2d at 59.

3

allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[6]

(6) As of July 9, 2014, judges have the discretion to impose concurrent, rather than consecutive, sentences.[7] Certain crimes, including PFDCF, are not eligible for concurrent sentences.[8] A defendant convicted of PFBPP is not eligible for a concurrent sentence if the defendant was previously convicted of a Title 11 violent felony.[9] A Title 11 violent felony is defined as a "Title 11 offense identified in § 4201(c) of this title, or any offense set forth under the laws of the United States, any other state or any territory of the United States which is the same as or equivalent to any of the offenses designated as a Title 11 offense identified in § 4201(c) of this title."[10] Relying on the listing of his 2009 conviction for Felon in Possession of a Firearm in the United States District Court for the District of Delaware as a Title 11 non-violent felony in his plea agreement, Colburn argues that this previous conviction was not a Title 11 violent felony and therefore he could receive concurrent sentences for his PFBPP conviction (as well as his Drug Dealing conviction).

---

[6] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[7] 11 *Del. C.* § 3901(d); *Fountain v. State*, 139 A.3d 837 (Del. 2016).
[8] 11 *Del. C.* § 3901(d).
[9] *Id.*
[10] 11 *Del. C.* § 3901(e).

(7)     Even assuming Colburn were eligible for concurrent sentencing on his PFBPP conviction, he has not shown a reasonable probability that if he had known he was eligible he would not have pled guilty and would have insisted on proceeding to trial.  By pleading guilty, Colburn obtained the benefit of the State agreeing not to seek habitual offender sentencing under 11 *Del. C.* § 4214(a), which Colburn was eligible for, and the State agreeing to recommend non-suspended Level V time of nine years.  If Colburn had insisted on going to trial, he faced the risk of life imprisonment as a habitual offender.

(8)     In addition, Colburn ignores that even if he were eligible for concurrent sentencing, it was within the Superior Court judge's discretion to impose concurrent or consecutive sentences for his crimes.[11]  Colburn does not point to anything in the record to suggest the Superior Court judge would have imposed a concurrent, rather than consecutive, sentence.  The sentencing transcript reflects that the Superior Court judge was concerned by the serious nature of Colburn's crimes and his eligibility for habitual offender status.  The notion that Colburn would have insisted on proceeding to trial and facing the risk of life imprisonment if he had known the Superior Court judge had the discretion to impose concurrent sentences for two of his crimes is not supported by the record or credible.

---

[11] *Fountain v. State*, 139 A.3d at 840-41 (describing amendment of § 3901(d) to give judges discretion to impose concurrent or consecutive sentences).

5

(9) Colburn's Truth-in-Sentencing Guilty Plea Form and guilty plea colloquy contradict his contention that he was coerced into pleading guilty. In the Truth-in-Sentencing Guilty Plea Form, Colburn indicated that he freely and voluntarily decided to plead guilty, no one, including his counsel and the State, forced him to plead guilty, and he understood he was waiving certain constitutional rights. During the guilty plea colloquy, Colburn stated that he was guilty of Drug Dealing, PFDCF, and PFBPP, he understood the Superior Court was not bound by the sentencing recommendation, and he was satisfied with his counsel's representation. Absent clear and convincing evidence to the contrary, which he has not identified, Colburn is bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[12]

(10) As set forth above, Colburn has not satisfied the standard for an ineffective assistance of counsel claim. The Superior Court did not err therefore in denying Colburn's motion for postconviction relief. As to Colburn's contention that he did not have the opportunity to file objections to the Commissioner's report and recommendations because he did not receive the report, we have considered his arguments on appeal regarding the merits of the Superior Court's decision and concluded that those arguments are without merit.

---

[12] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice